**United States District Court**

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   WILLIAM ZABIT,

10          Plaintiff,                              No. C 06-01252 JSW

11   v.                                             **NOTICE OF TENTATIVE
                                                    RULING AND QUESTIONS FOR**
12   FERRETTI GROUP, USA, et al.                    **HEARING**

13          Defendants.

14   _____/

15       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16   NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE

17   HEARING SCHEDULED ON OCTOBER 6, 2006, AT 9:00 A.M.:

18          The Court has reviewed the parties' memoranda of points and authorities and, thus, does

19   not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to

20   rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing

21   counsel of these authorities reasonably in advance of the hearing and to make copies available at

22   the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the

23   citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local

24   Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance

25   on such authority.

26          The parties each shall have 15 minutes to address the following questions:

27

28

**United States District Court**

For the Northern District of California

## I.     Case Management Conference

In the joint case management conference statement, Zabit asserts that he anticipates filing a second amended complaint.  The parties are HEREBY ORDERED to meet and confer in advance of Friday's hearing to discuss the contours of the proposed amendment and the impact, if any, on the pending motions.  The Court shall conduct the case management conference prior to the hearing on the motions.

## II.    Ferretti Motion to Dismiss.

The Court tentatively **grants** Ferretti's motion but reserves on whether leave to amend should be granted.

1.    What provisions of the Ferretti Limited Warranty does Zabit contend Ferretti breached?

2.    Ferretti argues that the exclusion of coverage of the engines in its Limited Warranty, which would appear to the Court to be the warranted product in question, precludes liability to Zabit on Counts I and II.

a.    What is Zabit's best argument that the express terms of Ferretti's Limited Warranty excluding the engines do not bar any claims by him against Ferretti?  *See* 15 U.S.C. § 2310(f).  On what authority does Zabit rely to support his argument?

## III.   Caterpillar and Peterson Motions to Dismiss.

The Court tentatively **grants** Caterpillar and Peterson's motions and also tentatively **grants** Zabit leave to amend his complaint.

1.    In its Reply, Peterson asserts an "Agent's Privilege" defense.  However, in moving to dismiss Zabit's claims, Peterson only asserted that the claims are barred by the release, that Zabit lacked privity with Caterpillar, and that Caterpillar had disclaimed implied warranties.  Why should the Court consider this belated argument?  What is Zabit's response to this argument?

2.    Zabit has asserted breach of implied warranties in Count I of his Amended Complaint.  He then asserts a separate claim for breach of the implied warranty

**United States District Court**

For the Northern District of California

of merchantability under the UCC. Is the Court correct that Zabit pleads a Magnusson-Moss claim and a separate UCC claim? If the Court is correct in its understanding, on what basis does Zabit assert privity of contract is not required for the UCC claim?

3. Does Caterpillar dispute that it issued a Limited Warranty with respect to the engines to Plaintiff? If not, with respect to its assertion that Zabit's implied warranty claims fail because he is not in vertical privity with Zabit, why does its Limited Warranty not create the requisite "direct contractual nexus" for purposes of privity? *See Atkinson v. Elk Corp. of Texas*, 142 Cal. App. 4th 212, 229 (2006) (holding that manufacturer of roof shingles brought itself into direct privity with consumer for purposes of breach of implied warranty claim under Magnuson-Moss Warranty Act, where it issued express written warranty in brochure). Is California law the appropriate state law to apply to this claim?

4. With respect to the "economic duress" argument, if the Court accepted as true the allegations set forth in Zabit's declaration for purposes of determining whether amendment would be futile, why is the issue of whether the release bars his claims not better addressed on summary judgment? *See CrossTalk Productions, Inc. v. Jacobson,* 65 Cal. App. 4th 631, 644 (1998). Do Defendants have any authority supporting their position that this issue is appropriately resolved at the pleadings phase?

Dated: October 3, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3