IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM ZABIT,

    Plaintiff,

v.

FERRETTI GROUP, USA, et al.

    Defendants.
_____/

No. C 06-01252 JSW

**ORDER GRANTING FERRETTI GROUP U.S.A.'S MOTION TO DISMISS**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Ferretti Group U.S.A. ("Ferretti"). Having considered the parties' pleadings, and relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS Ferretti's motion without leave to amend the causes of action currently asserted against Ferretti.

## BACKGROUND

**A.   Factual Background.**

In April, 2000, in Stuart, Florida, Plaintiff William Zabit ("Zabit") purchased a 1999 Ferretti yacht for $589,000. In the First Amended Complaint ("FAC"), Zabit alleges that he took delivery of the yacht from Allied Marine Group, Inc. ("Allied") in April 2000.[1]  (FAC ¶ 6.) Zabit alleges that he received Ferretti's warranty "after or at the time of delivery and after the time of sale." (*Id.* ¶ 7.) According to the record, Zabit signed the Ferretti Acceptance of Vessel

---

[1]  On September 28, 2006, pursuant to Stipulation, Zabit dismissed Allied from this action.

and Limited Warranty (hereinafter "Ferretti Limited Warranty") on or about June 22, 2000. The signature block of the Ferretti Limited Warranty reads as follows: "**EXECUTED** by the undersigned owner this [22nd of June 2000] for the purpose of evidencing the date of delivery of the Yacht; its acceptance by the undersigned owner, and, the acknowledgment and acceptance by the undersigned owner of the terms of the **LIMITED WARRANTY** granted hereunder." (Declaration of Donald Flippen in Support of Ferretti's Motion to Dismiss ("Flippen Decl."), Ex. A at 3.) The record establishes that Zabit signed the Ferretti Limited Warranty. (*Id.*)

Ferretti's Limited Warranty contains three specific provisions relating to warranty coverage and terms. (*Id.* § I.) The Ferretti Limited Warranty also provides that "[a]ccessories, components or parts which are not Materials warranted hereunder, including only for purposes of reference but not limited to ... *engines* ... will be covered by the warranties of their separate manufacturers and are not warranted hereunder." (Flippen Decl. Ex. A § II).) The Ferretti Limited Warranty further provides that "[u]pon delivery of the Yacht to the original owner, the Warrantor [*i.e.* Ferretti] shall deliver to the original owner or shall cause to be delivered to the original owner the warranties certificates of the respective manufacturer of such components, accessories or parts," and states that "[t]he owner shall thereafter be solely responsible for determining whether any other such warranties are in effect and *agrees that the Warrantor shall bear no responsibility or liability for any other such warranties*." (*Id.* (emphasis added).)

The Ferretti Limited Warranty also contains the following provision:

> Warrantor makes no warranties, guarantees or representations, express or implied, with respect to the Yacht except and to the extend of the LIMITED WARRANTY set forth herein.
>
> THERE SHALL BE NO OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER OBLIGATION ON THE PART OF THE WARRANTOR WITH RESPECT TO THE YACHT EXCEPT THE LIMITED WARRANTY CONTAINED HEREIN.

(*Id.* § III (capitalization as in original).) Finally, the Ferretti Limited Warranty provides that:

> The LIMITED WARRANTY described herein constitutes the sole liability of the Warrantor hereunder and Warrantor assumes no risk and shall not be subject to any liability for any claims for damages including without limitations, direct, indirect, special, incidental or

> consequential damages or loss of profits sustained by the owner or by any person dealing with the owner in connection with the Yacht or resulting from the sale, use or application of the Yacht regardless of whether any such claim is asserted on a contract, tort, strict product liability or any other basis.

(*Id.* § VI.)

The yacht's two engines were not manufactured by Ferretti. Rather, they were manufactured by Caterpillar. (FAC ¶ 8.) According to the facts set forth in the FAC, Zabit did not receive a warranty with respect to these engines at the time of purchase or delivery. (*Id.*) In or about September 2002, Zabit received information suggesting that the yacht should not be used because the engines were defective and could result in harm to the owner or others and could fail at sea. (FAC ¶ 11.) Zabit contacted Ferretti for assistance in rectifying the defective engines and received none. (*Id.* ¶ 12.) "[A]fter an extended period of time of being mislead by [Ferretti] regarding expected assistance, [he] then contacted Caterpillar asking for assistance." (*Id.*) Caterpillar and Peterson responded to him "and after additional delays" advised him that the engines would be replaced only if he incurred all costs and resulting losses involved in the removal and replacement of the engines. (*Id.* ¶ 13.) According to Zabit "[t]his was a willful violation and misrepresentation of warranty law." (*Id.* ¶ 14.) "Peterson Power Systems/Caterpillar[2] also wrongfully and willfully told [Zabit] to either immediately accept the offer as presented or lose any rights to receive warranty assistance for the defective product." (*Id.* ¶¶ 14-15.) "Under duress and coercion, [Zabit] finally acceded to the defendant's [*sic*] delays, deceptions, and demands." (*Id.* ¶ 20).

The engines were replaced in 2005, approximately three years after they were discovered by Zabit to be defective. (FAC ¶ 17.) Zabit "lost all confidence in and enjoyment of the yacht," and "due to the fact that replacement engines were required in the yacht, and the extended passage of time the yacht was unusable, the yacht subsequently sold at a substantial loss." (*Id.* ¶¶ 23-24.)

---

[2] Zabit alleges on information and belief that "the actions of ... Peterson, were dictated or otherwise controlled or directed by ... Caterpillar." (*Id.* ¶ 18.)

3

**B.     Procedural Background.**

Zabit filed his initial complaint on February 21, 2006, against Ferretti, Caterpillar and Peterson. On June 8, 2006, Zabit filed the FAC, which is the operative pleading in this action. In his FAC, Zabit asserts a cause of action against Ferretti for violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.* and a cause of action for breach of the implied warranty of merchantability. On July 10, 2006, Ferretti filed the instant motion to dismiss the FAC.

## ANALYSIS

**A.     Legal Standards on Motions to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (citation omitted). However, a district court may consider documents attached to a plaintiff's complaint without converting a motion to dismiss into a motion for summary judgment. *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 896 F.2d 1542, 1555 n.19

4

(9th Cir. 1989). Similarly, a court may consider documents referenced in but not attached to a complaint, where no party questions their authenticity, without converting a motion to dismiss into a motion for summary judgment. *Branch*, 14 F.3d at 453-54.

Ferretti, in support of its motion, submits the Ferretti Warranty. Zabit does not dispute the authenticity of that document and agrees that the Court may consider it in ruling on the motion to dismiss. (Opp. Br. at 6.) Zabit in turn submits a number of declarations, in which he proffers additional facts in support of his claims, and asks that the Court treat Ferretti's motion as a motion for summary judgment. The Court shall not convert the motion to dismiss into a motion for summary judgment. It shall, however, consider the additional facts solely for the purposes of evaluating whether leave to amend should be granted.

**B.      Ferretti's Motion to Dismiss Shall Be Granted.**

Under the MMWA, a consumer is permitted to file suit in any state or federal district court to seek damages or other legal and equitable relief, when a "supplier, warrantor, or service contractor" fails to "comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d). With respect to written warranties, the MMWA provides that "only the warrantor actually making a written affirmation of fact, promise or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person." *Id.*, § 2310(f).

**1.      Ferretti Did Not Issue Zabit A Written Warranty.**

Ferretti argues that Zabit's claim under the MMWA must be dismissed because Ferretti did not issue Zabit a written warranty with respect to the engines. As noted, the Ferretti Limited Warranty expressly excludes coverage for the engines and provides that any warranty for those engines would be provided by the manufacturer, *i.e.* Caterpillar.[3] Zabit asserts that because the

---

[3] Ferretti also contends that even if a warranty existed between it and Zabit, Zabit's claims against it would be barred because the defects arose after the one year Limited Warrant expired and because he filed his complaint beyond the appropriate statute of limitations period. In light of the Court's finding that Ferretti issued no warranty to Zabit with respect to the engines, the Court does not reach these alternative arguments.

5

Ferretti Limited Warranty was not provided to him at the time of sale, the purported exclusion of the engines is ineffective. Zabit's argument is unpersuasive.

First, *Bowdoin v. Showell Growers, Inc.*, 817 F.2d 1543 (11th Cir. 1987), on which Zaibt relies, addressed a purported disclaimer of the implied warranties of merchantability and fitness. In that case the court held that, under Alabama's uniform commercial code, "a manufacturer may disclaim the implied warranties of merchantability and fitness provided that the disclaimer is in writing and conspicuous," but a "post-sale disclaimer [of these implied warranties] is ineffective. *Id*. at 1544-45. The *Bowdoin* court, however, was not called upon to address the question presented in this case, namely whether a manufacturer can exclude components of its product from its warranty, when another party manufactures and provides warranties for those components. Moreover, although the MMWA prohibits a manufacturer who issues a written warranty from disclaiming or modifying implied warranties, it expressly contemplates that a manufacturer might create "[e]xceptions to and exclusions from the terms of the warranty" and that certain "characteristics or properties of the products, or parts thereof," may not be covered by the warranty. *Compare* 15 U.S.C. § 2308(a) *with* § 2302(a)(6), (12).

Second, even if the rationale of the *Bowdoin* case was applicable to warranties that exclude coverage of component parts, the "pre-sale rule" contemplated by the MMWA imposes different duties on sellers and warrantors. *See* 16 C.F.R. § 702.3. Under that regulation, "the *seller* of a consumer product with a written warranty shall make a text of the warranty readily available for examination by the prospective buyer." *Id.* § 702.3(a) (emphasis added). The "warrantor," in turn, is obligated to "provide sellers with warranty materials necessary for such sellers to comply with the requirements set forth in paragraph (a) of this section, by use of one or more by the following means [*sic*] (A) providing a copy of the written warranty with every warranted consumer product, ... ." *Id.* § 702.2(b)(1)(i)(A). It is undisputed, for purposes of this case, that Allied was the "seller" and that Ferretti was the "warrantor" of the yacht. Zabit has alleged no facts suggesting that Ferretti did not provide Allied with a copy of the warranty for the yacht, and the facts alleged in the FAC suggest otherwise. (*See* FAC ¶ 9 ("[t]he yacht was delivered from Defendant #2 Allied, with a purported limited warranty from Ferretti group that

6

among other things stated that the engine would be warranted by the manufacturer, which is Caterpillar).)

Finally, and most importantly, although Zabit asks the Court to apply the "pre-sale" rule to this case, Zabit was not provided merely with an instruction manual or a warranty certificate containing the exclusions. *See Bowdoin*, 817 F.2d at 1544 (disclaimer of implied warranty contained in instruction manual). Rather, Zabit received and then executed the Ferretti Limited Warranty, which provides that "[t]he owner hereby accepts delivery of the Yacht; agrees that the equipment and condition of the Yacht conform to the description thereof in the purchase agreement; and, *acknowledges that the following constitutes the terms and conditions of the* **LIMITED WARRANTY** *extended hereunder*." (Flippen Decl., Ex. A (emphasis added).) By signing the Ferretti Limited Warranty, Zabit also acknowledged and accepted "*the* **LIMITED WARRANTY** *granted hereunder*." (*Id.* (emphasis added).) Having assented to the terms of the LIMITED WARRANTY, Zabit cannot rely on the alleged post-sale disclosure of the limitations contained therein to avoid its terms. *See, e.g., Klein v. Asgrow Seed Co.*, 246 Cal. App. 2d 87, 97 (1966) ("Attempts to escape liability for warranties ... by disclaimers made 'upon or after delivery of the goods, by means of language on an invoice, receipt or similar notice,' are ineffectual '*unless the buyer assents* or he is charged with knowledge of nonwarranty as to the transactions.'") (quoting *India Paint & Lacquer Co. v. United Steel Prod. Corp.*, 123 Cal. App. 2d 597, 608 (1954)) (emphasis added).

For these reasons, the Court finds that Zabit alleges insufficient facts to state a claim for breach of express warranty under the MMWA against Ferretti.

**2. Zabit Cannot Maintain A Claim Against Ferretti for Breach of Implied Warranty Under Either the MMWA or State Law.**

Ferretti argues that it also cannot be held liable under either the MMWA or state law for breach of implied warranties because Zabit cannot establish the requisite contractual privity. Zabit argues in opposition that privity is not required for claims of breach of implied warranties under the MMWA. Again, the Court finds Zabit's argument unpersuasive.

7

An "implied warranty" under the MMWA is defined as "an implied warranty arising under State law ... in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7). The question of whether privity is required in an MMWA claim has not been addressed by the Ninth Circuit. However, most courts presented with this question have concluded that, if the applicable state law requires privity of contract, the plaintiff must establish privity of contract to maintain a claim under the MMWA. *See, e.g., Haugland v. Winnebago Indus.*, 327 F. Supp. 2d 1092, 1096 & n.13 (D. Ariz. 2004) (citing cases and noting Seventh, Second and D.C. Circuits and other lower federal courts have required privity of contract in MMWA claims where underlying state law requires privity). In this case, under either Florida or California law, privity of contract is required. *See Atkinson v. Elk Corp. of Texas*, __ Cal. Rptr. 3d __, 2006 WL 2425017 at *9 (Cal. App. Aug. 23, 2006); *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 39 (Fla. 1988).

Although the *Atkinson* court concluded that the privity requirement should be relaxed on the facts presented, this does not alter the Court's analysis as to Ferretti. The *Atkinson* court's holding was based upon the fact that the manufacturer had issued a written warranty on the product in question, roofing shingles, and based upon the fact that the plaintiff relied on that warranty when he instructed his contractor to use the defendant's roofing shingles. *Atkinson*, 2006 WL 2425017 at *1. In this case, as noted, Ferretti did not issue a written warranty on the engines. As such, the Court finds the holding in *Atkinson* inapplicable to Zabit's claim against Ferretti.

Accordingly, the Court finds that Zabit alleges insufficient facts to state his claims under the MMWA. Because Zabit cannot establish privity of contract, his second cause of action also fails. *Atkinson*, __ Cal. Rptr. 3d __, 2006 WL 2425017 at *9; *Kramer*, 520 So.2d at 39. Moreover, at the hearing, Zabit did not establish that he could set forth additional facts against Ferretti on these claims and, thus, the Court concludes that granting Zabit leave to amend these claims would be futile.

**CONCLUSION**

For the reasons set forth above, Counts I and II are DISMISSED WITH PREJUDICE as to Ferretti. However, during oral argument, Zabit expressed his intention to amend his complaint to include Ferretti as a defendant in the third cause of action that is asserted currently against Caterpillar and Peterson. Zabit contended that he intended to add facts to show that in 2004 Ferretti learned that the engines were defective at the time the yacht was sold to him. (Tr. at 4.) Zabit also advised the Court that he intended to assert a claim that Ferretti violated the minimum standards for warranties required under the MMWA.

Without further elaboration, the Court cannot conclude that granting Zabit leave to amend to pursue these claims would be a futile act. Accordingly, by no later than November 2, 2006, Zabit may file a Second Amended Complaint against Ferretti asserting causes of action for fraud and violation of the minimum standards required by the MMWA. Ferretti's responsive pleading shall be due twenty days after service of the Second Amended Complaint.

The parties shall appear for a case management conference on January 19, 2007, and shall file a case management conference statement on or before January 12, 2007.

**IT IS SO ORDERED.**

Dated: October 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE