1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   WILLIAM ZABIT,

10          Plaintiff,                          No. C 06-01252 JSW

11   v.                                         **ORDER DENYING PLAINTIFF'S**
                                                **MOTION TO DISMISS**
12   PETERSON POWER SYSTEMS/CAT, et al.         **COUNTERCLAIMS**

13          Defendants.
    _____/

14

15                              **INTRODUCTION**

16          This matter comes before the Court upon consideration of the motions to dismiss under

17   Federal Rule of Civil Procedure 12(b)(6) filed by Plaintiff William Zabit ("Zabit").  Having

18   considered the parties' pleadings, and relevant legal authority, the Court finds the matter

19   suitable for disposition without oral argument.[1]  *See* N.D. Civ. L.R. 7-1(b).  The Court

20   HEREBY DENIES the motion.  The hearing set for February 23, 2007 on the motion is

21   VACATED and the case management conference shall be heard on the Court's normal case

22   management calendar on Friday, February 23, 2007 at 1:30 p.m.

23                              **BACKGROUND**

24          The Court has previously set forth the facts underlying this dispute and shall not repeat

25   them in detail in this Order.  (*See* Docket Nos. 71, 72.)  In brief, Zabit alleges claims for breach

26   of warranty under the Magnusson-Moss Warranty Act and for fraudulent concealment against

27

28          [1]      Pursuant to the Court's briefing schedule on the motion, Plaintiff's reply brief
    was due on January 26, 2007.  Plaintiff filed a reply on January 31, 2007, and explains that he
    overlooked the Court's Briefing Schedule, which superseded the time for filing a reply under
    the Local Rules.  The Court shall accept the late filing.

United States District Court

1  Peterson Power Systems/CAT ("Peterson") and Caterpillar, Inc. ("Caterpillar") (collectively

2  "Defendants") stemming from allegedly defective engines in a yacht that Zabit purchased in

3  April 2000.

4        Caterpillar and Peterson assert that Zabit has released them from any claims with respect

5  to the engines, based upon a release Zabit signed on March 2, 2005 (the "General Release").

6  Caterpillar and Peterson have filed counterclaims against Zabit alleging breach of the General

7  Release and fraud.  Defendants' fraud claim is based upon their contention that Zabit

8  misrepresented his intention to release them from any claims relating to the engines, when he

9  signed the General Release.  (*See* Counterclaim ¶¶ 23-24.)

10  **ANALYSIS**

11  **A.**     **Legal Standards on Motions to Dismiss.**

12        A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a

13  claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss should

14  not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts

15  supporting his or her claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz

16  v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  In ruling on a Rule 12(b)(6) motion, the complaint is

17  construed in the light most favorable to the non-moving party and all material allegations in the

18  complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The

19  court, however, is not required to accept legal conclusions cast in the form of factual allegations

20  if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult

21  Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S.

22  265, 286 (1986)).

23        As a general rule, "a district court may not consider any material beyond the pleadings in

24  ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994),

25  *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir.

26  2002) (citation omitted).  However, a district court may consider documents attached to a

27  plaintiff's complaint without converting a motion to dismiss into a motion for summary

28  judgment.  *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 896 F.2d 1542, 1555 n.19

**United States District Court**

1   (9th Cir. 1989).  Similarly, a court may consider documents referenced in but not attached to a

2   complaint, where no party questions their authenticity, without converting a motion to dismiss

3   into a motion for summary judgment.  *Branch*, 14 F.3d at 453-54.

4        Zabit has submitted a copy of the General Release and a copy of Caterpillar's Warranty.

5   Defendants have not disputed the authenticity of these documents and have not objected to their

6   submission.  Because the counterclaims reference the General Release, the Court may consider

7   it in ruling on the motion to dismiss.  The Caterpillar Warranty is not necessary to the resolution

8   of this motion.

9        **B.        The Motion to Dismiss Shall Be Denied.**

10        To state a claim for breach of contract, Defendants must allege: (1) the existence of a

11   contract; (2) that they performed or had an excuse for not-performing under the contract; (3) that

12   Zabit breached the contract; and (4) that they were damaged.  *See, e.g., First Commercial*

13   *Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).  The counterclaim alleges facts

14   supporting these elements.  Indeed, Zabit's arguments in favor of dismissal address the merits of

15   the breach of contract counterclaim and the issue of whether the General Release is valid.  That

16   is a question addressed more appropriately on a motion for summary judgment.  Accordingly,

17   the motion to dismiss the counterclaim for breach of contract is DENIED.

18        To state a claim for fraud, Defendants must allege: (1) Zabit made a false representation;

19   (2) Zabit knew the representation was false; (3) Zabit intended to induce Defendants' reliance

20   on the misrepresentation; (4) Defendants justifiably relied on the misrepresentation; and (5)

21   Defendants were damaged.  *See, e.g. Crocker-Citizens Nat'l Bank v. Control Metals Corp.*, 566

22   F.2d 631, 636-37 (9th Cir. 1977); *Engalla v. Permanente Medical Group*, 15 Cal. 4th 951, 974

23   (1997).  Defendants have set forth sufficient facts, which if taken as true, could state a claim for

24   fraud, and Zabit's arguments in opposition to the motion go to whether Defendants will

25   ultimately be able to prove their claim.  Accordingly, the motion to dismiss the fraud claim is

26   DENIED.

27   //

28   //

**United States District Court**

3

1

**CONCLUSION**

2      For the reasons set forth above, Zabit's motion to dismiss is DENIED.

3      **IT IS SO ORDERED.**

4

5   Dated: February 1, 2007

6                                        JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

**United States District Court**

19

20

21

22

23

24

25

26

27

28