IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM ZABIT,

    Plaintiff,

v.

CATERPILLAR, INC., and PETERSON POWER SYSTEMS, INC.,

    Defendants.

                                 /

No. C 06-01252 JSW

**ORDER ON JOINT DISCOVERY DISPUTE LETTER**

The Court has received and considered the parties' Joint Discovery Dispute Letter dated July 27, 2007. The Court has considered the parties' positions as set forth in the letter, relevant legal authorities, and the record in this case, and has concluded no hearing is necessary.

The Court takes no position on the "Disputes Regarding Terminology," as there is insufficient information before the Court to make a determination as to whether Defendants' objections to Plaintiff's terminology are well founded.

With respect to the "Disputes Regarding Plaintiff's Requests for Production of Documents/Interrogatories," the Court takes no position on Requests for Production that are not specifically identified in the letter brief. Plaintiff's request that the Defendants identify the person or persons who created "The Service Letter," that request is GRANTED. Plaintiff's request that Defendants provide responses to requests for production or interrogatories regarding warranty policies/applications for other consumers who purchased the same engines as Plaintiff purchased is GRANTED. Plaintiff's request for any updates to Defendants' "Warranty Manual," is GRANTED. Finally, Plaintiff's request for any communications

1  between Defendant and the Boat Manufacturer are GRANTED.  Furthermore, Defendants shall
2  produce such information from 1998, the date the engines were manufactured, to the present.
3  　　　　The Court notes that this Order is intended to encompass those topics specifically
4  identified in the letter brief.  If Defendants believe that there are specific requests for production
5  or interrogatories that are not covered by this Order, the parties may submit an additional letter
6  brief outlining any remaining disputes, by no later than August 10, 2007.  The parties shall
7  submit the disputed requests for production, interrogatories, and the responses thereto with any
8  such letter brief.
9  　　　　As to Defendants' request that Plaintiff produce his tax returns, that request is DENIED
10  WITHOUT PREJUDICE.  The Court will revisit this issue, if necessary, after consideration of
11  the parties' motions for summary judgment.
12  　　　　As to Defendants' request that Plaintiff produce information on communications
13  between himself and Mr. Anton, that request is GRANTED IN PART AND DENIED IN
14  PART.  Plaintiff shall produce any documents that were created before his attorney-client
15  relationship arose with Mr. Anton, and Defendant's may depose Plaintiff on any such
16  communications.  Any such deposition shall take place no later than August 10, 2007, unless
17  the parties submit a request to extend that deadline that presents good cause to do so.
18  　　　　Defendant's request to depose Mr. Anton is DENIED.
19  　　　　The parties shall produce documents or responses to interrogatories covered by this
20  Order by no later than August 10, 2007.  The parties are FURTHER ADMONISHED that any
21  requests to alter the current briefing schedule or hearing date must be accompanied by a
22  showing of good cause.
23  　　　　**IT IS SO ORDERED.**
24
25  Dated: July 30, 2007
26  　　　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
27
28

2