IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ZABIT,<br><br>    Plaintiff,<br><br>  v.<br><br>CATERPILLAR, INC., and PETERSON POWER SYSTEMS, INC.<br><br>    Defendants.<br>_____/ | No. C 06-01252 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 24, 2007, AT 9:00 a.m.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS Defendants' motion** and **tentatively DENIES AS MOOT** Plaintiff's motion.

The parties each shall have 15 (fifteen) minutes to address the following questions:

**A.    Defendants' Motion**

1. What facts does Plaintiff contend Defendants concealed from him?

   a. Is Plaintiff contending that Defendants told him there was not a warranty, when in fact there was?

   b. Does Plaintiff have any authority to suggest that the Defendants were obligated to advise him of the terms of the Service Letter?

   c. What evidence is in the record to suggest that Defendants concealed the Service Letter from Plaintiff?

   d. If Plaintiff is arguing that Defendants misrepresented the terms of the Caterpillar Limited Warranty and the Service Letter to Plaintiff, and if resolution of that question is a matter of law for the Court, and if the Court found for Plaintiff on the issue of how those documents should be interpreted, what is the Defendants best argument that they did not fraudulently induce Plaintiff to sign the release?

2. 
   a. What evidence has Zabit proffered in opposition to Defendants' motion that he was in such dire financial straights that he had no choice but to sign the release or face financial ruin? *See Rich & Whillock, Inc. v. Ashton Development, Inc.*, 157 Cal. App. 3d 1154, 1159 (1984); Fed. R. Civ. P. 56(e) (non-moving party must go beyond the pleadings and by his own evidence "set forth specific facts showing that there is a genuine issue for trial").

   b. How can the court reconcile Plaintiff's assertion that he signed the release under duress with his deposition testimony that he was looking for someone else to cover the cost of removal and that he discounted the sale price of the boat so that "it became the buyer's responsibility and not mine to come up with additional cash to make the boat operate as it was promised?"

2

3. What is Plaintiff's response to Defendants' objections to the Friedman Declaration on the ground that Mr. Friedman is not qualified to opine on Caterpillar's marine engines?

**B.  Plaintiff's Motion.**

4. The Caterpillar Limited Warranty and the Service Letter each refer to the "product." If the "product" in this case is the engines, why do the references to removal and replacement and disconnect and connect not render the terms of the warranty as to Caterpillar's obligations ambiguous?

5. Do Defendants dispute that the problems with Plaintiff's engines fell within the terms of the Service Letter?

6. What specific provisions of the Magnusson-Moss Warranty Act ("MMWA") does Plaintiff contend Defendants violated?

7. Does Plaintiff dispute that the Caterpillar warranty is a "Limited Warranty" as that term is used in the MMWA?

8. The Court understands that the MMWA claim is to be governed by state law. Do Defendants have any authority that Plaintiff must assert a state law cause of action *in addition* to his MMWA claim to prevail?

9. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: August 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3