SEDGWICK, DETERT, MORAN & ARNOLD LLP
ELLIOTT D. OLSON (Bar No. 041501)
elliott.olson@sdma.com
DANIEL W. BIR (Bar No. 227918)
daniel.bir@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendants
CATERPILLAR INC. and
PETERSON POWER SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ZABIT, a single man, | CASE NO. C 06-01252 JSW |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | |
| FERRETTIGROUP USA, a Corporation registered in Florida, and PETERSON POWER SYSTEMS/CATERPILLAR, a Corporation registered in California, and CATERPILLAR INC., a Corporation registered in Illinois, | |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |

IT IS HEREBY ORDERED that the following stipulation between the parties shall take effect and be judicially enforceable:

(a) Plaintiff, William Zabit, has requested the production of certain information from Defendants, Caterpillar Inc. and Peterson Power Systems, Inc. (hereinafter "Defendants"), which is considered by Defendants to be non-public, confidential, private, trade secret, proprietary, and/or privileged information. As consideration for the agreement to produce for inspection and copying these CONFIDENTIAL MATERIALS, the parties to this Stipulation expressly agree that no person, other than their counsel, shall be allowed to examine any such designated material, until such person has complied with the provisions of Paragraph (h) of this Stipulated

Protective Order. These documents will hereinafter be referred to collectively as "CONFIDENTIAL MATERIALS."

(b) All information, in whatever form, obtained from examination of the CONFIDENTIAL MATERIALS produced by Defendants shall be used only in conjunction with this action and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

(c) The parties to this Stipulation, their counsel of record, and any experts or consultants retained by them and/or their attorneys are expressly prohibited from disseminating in any fashion or manner copies of the CONFIDENTIAL MATERIALS, or the contents thereof, to any other person, firm, or organization not directly associated with these parties or their counsel of record.

(d) All CONFIDENTIAL MATERIALS, copies of CONFIDENTIAL MATERIALS, and copies of this Stipulated Protective Order executed by any and all persons receiving such CONFIDENTIAL MATERIALS, or arising from the examination of CONFIDENTIAL MATERIALS, taken by whomever and in whatever form, shall be surrendered to Defendants at the conclusion of this action. However, attorneys for the Plaintiff may keep one copy of this Protective Order after the conclusion of this action solely for reference should any future dispute arise as to compliance.

(e) Within sixty (60) days of the conclusion of the final proceedings in this action, the attorneys for the parties to this Stipulation shall furnish, in writing to counsel for Defendants, the name, address, place of employment, and capacity of each person who received any CONFIDENTIAL MATERIALS or information from any CONFIDENTIAL MATERIALS.

(f) No person who examines CONFIDENTIAL MATERIALS shall disseminate by any means any information contained therein to any person not also authorized to examine CONFIDENTIAL MATERIALS, under the terms of this Stipulated Protective Order.

(g) Whenever the Parties file CONFIDENTIAL MATERIALS with the Court, including portions of depositions or any pre trial written materials that reference CONFIDENTIAL MATERIALS, the Parties shall comply with Northern District of California Local Rule 79-5. Specifically, Whenever Plaintiff files CONFIDENTIAL MATERIALS Plaintiff shall comply

with Local Rule 79-5(d). CONFIDENTIAL MATERIALS subject to this Stipulated Protective Order shall not become disclosable by their use at trial, and the treatment of trial transcripts, motions, briefs, or other written materials that reference CONFIDENTIAL MATERIALS shall be governed by the terms of this Stipulated Protective Order.

(h)   Each person, other than counsel for the parties to this Stipulation, who examines CONFIDENTIAL MATERIALS, or to whom any CONFIDENTIAL MATERIALS are disseminated, hereby agrees to be subject to the jurisdiction of this Court with regard to any appropriate proceedings in the event of a violation or alleged violation of this Stipulated Protective Order. No person shall be allowed to disclose any portion of CONFIDENTIAL MATERIALS, until the person to whom disclosure is to be made has read this Stipulated Protective Order in its entirety and signed a copy of this Stipulated Protective Order, signifying agreement to its provisions and consent to the jurisdiction of the Court for proceedings involving alleged improper disclosure, including contempt proceedings.

(i)   Any party to this Stipulation may challenge the propriety of Defendants' designation of material as confidential, under this Stipulated Protective Order. A challenge may be made by serving on all other parties, by facsimile and mail, a written objection within 30 days of receipt of the subject materials. The written objection shall identify with particularity the CONFIDENTIAL MATERIALS for which the designation is challenged and state the basis for each challenge. No party shall serve an objection to such designation, in the absence of a good faith basis for that challenge.

(j)   In the event a party serves an objection, under the terms of Paragraph (i), Defendants shall have 30 days, from its receipt of that written objection, to file a motion to establish that the designated materials should remain subject to this Protective Order. In that event, the material at issue may be submitted to the Court for in camera inspection. The materials thus at issue shall continue to be treated as confidential under this Order, until the Court rules on Defendants' motion.

(k)   Confidential material may be disclosed to the Court, Court officials or employees (including court reporters, persons operating video recording equipment at depositions, and any

appointed special master or referee), witnesses, deponents, the jury, and any interpreters providing services on behalf of any party or deponent.

(l) This Stipulated Protective Order and the provisions herein are without prejudice to reconsideration by the Court, on written application of any party, as discovery continues.

(m) The production of CONFIDENTIAL MATERIALS for inspection shall not constitute a waiver of Defendants' right to claim that the CONFIDENTIAL MATERIALS, or any other information contained therein, contain confidential, proprietary or privileged information or are otherwise non discoverable or inadmissible. An inadvertent failure by Defendants to designate discovery material as confidential shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material is confidential.

(n) This Stipulation and Protective Order may be executed in one or more counterparts, and, when executed by each of party, the counterparts shall constitute a single valid Stipulation, even though each signatory may have executed separate counterparts.

DATED:   November 19, 2007    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /S/ Daniel W. Bir
ELLIOTT D. OLSON
DANIEL W. BIR
Attorneys for Defendants,
CATERPILLAR INC. and
PETERSON POWER SYSTEMS, INC.

DATED:   November 19, 2007    LAW OFFICES OF GREG ANTON

By: [signature]
JOHN ALDEN
Attorneys for Plaintiff
WILLIAM ZABIT

## ORDER

IT IS SO ORDERED.

DATED: November 19, 2007

_____
JUDGE, U.S. DISTRICT COURT
Northern District of California